UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22994-CIV-SEITZ/SIMONTON

THE PROVIDENT BANK,

    Plaintiff,

vs.

MICHELLE J. ALVAREZ and
ALBERTO MARTINEZ,

    Defendants
_____/

## ORDER DENYING MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's Motion for Final Default Judgment [DE-18]. This action arises from the alleged default by Defendants on a loan. Defendant Martinez has not appeared and a Clerk's Default has been entered against him. Plaintiff now moves for Final Default Judgment for the unpaid principal on the loan, accrued interest, late fees and charges, post-judgment interest and attorneys' fees and costs. Because the allegations in the Complaint are not supported by the attachments to the Complaint and the Complaint is not well-pled, the Motion for Final Default Judgment is denied.

### I. Facts

The Complaint alleges that on January 7, 2008, Defendants Michele Alvarez (Alvarez) and Alberto Martinez (Martinez) became indebted to Elite Financial Group, Inc. in the amount of $273,027.85 to purchase a boat. (DE-1, ¶6.) Plaintiff alleges that the loan terms are set out in a Promissory Note and Security Agreement (the Note). (DE-1-1.) However, the Note submitted to the Court has not been executed by either of the Defendants. Also on January 7, 2008, Alvarez and Martinez executed a First Preferred Ship's Mortgage (Mortgage) as further security

for the Note. (DE-1-3.) On January 8, 2008, the Note was assigned to Plaintiff, the Provident Bank. (DE-1-2.) Martinez has not made payments on the loan since January 7, 2011. Thus, under the terms of the Mortgage and Note, the outstanding principal amount is $262,893.95.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. However, "a defendant's default does not in itself warrant the court entering a default judgment." *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Further, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.... a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

## III. Discussion

Plaintiff has moved for final default judgment based on Martinez's alleged breach of the Note. However, while the Complaint, to which the Note is attached as an exhibit, establishes the terms of the Note, neither the Complaint nor the Note establish that Martinez agreed to the terms of the Note. The Note itself is not signed by Martinez and the Complaint does not allege that Martinez agreed to the terms of the Note. The Complaint merely alleges the existence of the Note and the terms of the Note. This does not constitute a well-pled complaint that, if taken as

---

[1] *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), in which the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

true, would establish that Martinez is liable under the terms of the Note.[2] Accordingly, it is hereby

    ORDERED that Plaintiff's Motion for Final Default Judgment [DE-18] is DENIED.

    DONE and ORDERED in Miami, Florida, this __19th__ day of March, 2012.

                                                  /s/ Patricia A. Seitz
                                                  PATRICIA A. SEITZ
                                                  UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record/Pro Se parties

---

[2] Because Martinez executed the Mortgage, it is clear that he is obligated under the Mortgage. However, Plaintiff seeks final default judgment based on the terms of the Note. The Note establishes when payment is due, the interest rate, and other terms of the loan. These terms are not part of the Mortgage and the Mortgage does not explicitly incorporate the terms of the Note. On this record, there is nothing to establish that Martinez agreed to make payment by a certain date, agreed to pay interest, or agreed to pay costs and fees. If there is such evidence, such as a signed Note, it should have been attached to the Complaint or, at a minimum, alleged in the Complaint.