UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22994-CIV-SEITZ/SIMONTON

THE PROVIDENT BANK,

    Plaintiff,

vs.

MICHELLE J. ALVAREZ and
ALBERTO MARTINEZ,

    Defendants
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Final Summary Judgment as to Defendant Alvarez [DE-22]. This action arises from the alleged default by Defendants on a loan. Defendant Martinez has not appeared and a Clerk's Default has been entered against him. Plaintiff now moves for summary judgment against Defendant Alvarez for the unpaid principal on the loan, accrued interest, late fees and charges, post-judgment interest and attorneys' fees and costs. Defendant Alvarez, appearing pro se, has filed her Opposition to the Motion [DE-25] and Plaintiff has moved to strike the Opposition.[1] Because a genuine issues of material fact exists as to the terms of the loan made to Defendants, summary judgment is denied.

### I. Material Facts

On January 7, 2008, Defendants Michele Alvarez (Alvarez) and Alberto Martinez (Martinez) became indebted to Elite Financial Group, Inc. in the amount of $273,027.85 for a loan to purchase a boat. Plaintiff alleges that the loan terms are set out in a Promissory Note and

---

[1] Because the Court is denying the Motion for Summary Judgment for reasons not related to the opposition, the Motion to Strike is denied as moot.

Security Agreement (the Note). (DE-22-1.) However, the Note submitted to the Court has not been executed by either of the Defendants. While the copy of the Note submitted to the Court is not executed, Alvarez has admitted to the indebtedness. (Answer, ¶6; Alvarez Dep.4:22-5:6.) Also on January 7, 2008, Alvarez and Martinez executed a First Preferred Ship's Mortgage. (DE-22-3.) On January 8, 2008, the Note was assigned to Plaintiff, the Provident Bank. (DE-22-2.) Alvarez admits that she has not made payments on the loan since January 2011. (Alvarez Dep. 4:3-11.)

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and

admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

Plaintiff has moved for summary judgment because no dispute exists that Plaintiff has a valid First Preferred Ship's Mortgage and because Alvarez is individually liable for payment under the Note. Plaintiff has failed to meet its burden of establishing that no genuine issue of material fact exists. Plaintiff seeks summary judgment based on the terms of the Note. However, Plaintiff has not established that Alvarez signed the Note or that the terms of the Note are the governing terms of the loan. While Alvarez has acknowledged that she is indebted because of the loan, she has not acknowledged that the terms of the Note were the terms of the loan. Thus, Plaintiff has failed to meet its burden. Accordingly, it is hereby

ORDERED that:

1. Plaintiff's Motion for Final Summary Judgment as to Defendant Alvarez [DE-22] is DENIED.

2. Plaintiff's Motion to Strike Memorandum in Opposition of Michele J. Alvarez [DE-27] is DENIED as moot.

DONE and ORDERED in Miami, Florida, this 19th day of March, 2012.

*/s/ Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record/Pro Se parties

3